981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John W. CORNELL, dba, Sweetwater Chemical Company, Plaintiff-Appellant,
v.
TECHNICAL PRODUCTS CORPORATION, Defendant-Appellee.
TECHNICAL PRODUCTS CORPORATION, Plaintiff-Appellee,
v.
SWEETWATER CHEMICAL COMPANY, Defendant-Appellant.
 Nos. 90-56341, 90-55531.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1992.
Decided Dec. 8, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The original complaint in District Court Civil No. 89-4124 JDG was filed on July 11, 1989, with a caption that read "Sweetwater Chemical Company, a corporation, Plaintiff." In the complaint it was alleged that "Plaintiff Sweetwater Chemical Company is a corporation licensed to do business under the laws of the State of California." Complaint at 1.
 
 
 3
 The plaintiff's counsel learned that Sweetwater Chemical Company was not incorporated and on July 24, 1989 filed an amended complaint identifying the plaintiff as "John W. Cornell, dba, Sweetwater Chemical Company." The caption of the case was changed without order of the court allowing the substitution or addition of a party under Federal Rules of Civil Procedure 17 or 21.
 
 
 4
 In a status report filed August 1, 1989, the plaintiff was referred to as Sweetwater Chemical Company. In the caption, the final pretrial conference order named the plaintiff as "Sweetwater Chemical Company, a corporation" and identified the plaintiff as "Sweetwater Chemical Company, a California corporation." At the final pretrial conference on September 5, 1990, the following exchange occurred:
 
 
 5
 THE COURT: Well, who's the plaintiff?
 
 
 6
 MR. BRUNDA [plaintiff's counsel]: Sweetwater is the company, it's a solely-owned corporation by Mr. Cornell.
 
 
 7
 THE COURT: Well, is it a corporation?
 
 
 8
 MR. BRUNDA: Yes, sir.
 
 
 9
 MR. SCHWARTZ [defendant's counsel]: No, sir, it is not.
 
 
 10
 THE COURT: Well, he says it is. Now, maybe that's a fatal defect in the case. Maybe we can end the case now.
 
 
 11
 Excerpt of Record 110 at 11-12.
 
 
 12
 The record is clear that there is no such corporation as "Sweetwater Chemical Company." As the trial court observed, it is a phantom corporation. The defendant Technical Products Corporation moved for judgment on the pleadings or, alternatively, for summary judgment. The court dismissed the action in No. 89-4124 JDG without prejudice on September 27, 1990.
 
 
 13
 A notice of appeal in No. 89-4124 JDG with the caption "John W. Cornell, dba, Sweetwater Chemical Company, Plaintiff, vs. Technical Products Corporation, a Corporation, Defendant" was filed on October 29, 1990. The notice said: "Notice is hereby given that Sweetwater Chemical Company, Plaintiff above named, hereby appeals to the United States Court of Appeals, for the 9th Circuit from the Order Dismissing Action entered in this action on September 27, 1990." The appeal was assigned Court of Appeals No. 90-56341. The opening brief was labeled "Brief for Appellant Sweetwater Chemical Company." The brief states: "Plaintiff-Appellant Sweetwater Chemical Company (SWEETWATER) appeals from two orders of the District Court. The first order dismissed the action below. The second order granted Defendant's motion for award of attorneys fees." Appellant's Opening Brief at 1.
 
 
 14
 A separate action captioned "Technical Products Corp., Plaintiff, v. Sweetwater Chemical Company, Defendant" was transferred to the District Court for the Central District of California from the United States District Court for the Eastern District of Pennsylvania. It was assigned District Court Civil No. 90-489 JGD. In that action the district court awarded attorneys' fees in the sum of $69,443 in favor of Technical Products Corporation and against John W. Cornell. A notice of appeal was filed captioned "Technical Products Corp., Plaintiff, v. Sweetwater Chemical Company, Defendant" that states "Notice is hereby given that Sweetwater Chemical Company, defendant above named, hereby appeals to the United States Court of Appeals, for the 9th Circuit from the Order Granting Attorneys' Fees entered in this action on March 15, 1991." This appeal was assigned Court of Appeals No. 91-55531.
 
 
 15
 The district court properly dismissed No. 89-4124 JDG because the appellant Sweetwater Chemical Company is not incorporated under California law and therefore lacks the capacity to bring an action. Community Elec. Serv. v. National Elec. Contractors Ass'n, 869 F.2d 1235, 1239 (9th Cir.) (en banc), cert. denied, 493 U.S. 891 (1989). We dismiss the appeal (our No. 90-56341) because Sweetwater Chemical Company is not incorporated and lacks the capacity to appeal, Matter of Christian & Porter Aluminum Co., 584 F.2d 326, 332 (9th Cir.1978). John W. Cornell was not a party in the action nor was a judgment entered for or against him.
 
 
 16
 The appeal concerning the award of attorneys' fees, No. 91-55531, is also dismissed. John W. Cornell did not file a notice of the appeal. Only the parties named in the notice of appeal are within our jurisdiction. Farley Trans. Co. v. Santa Fe Trail Trans. Co., 778 F.2d 1365, 1368-70 (9th Cir.1985). Sweetwater cannot appeal the judgment of attorney's fees because it lacks the legal capacity to sue or to appeal. Porter Aluminum Co., 584 F.2d at 332.
 
 
 17
 Both appeals are dismissed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3